14-2469
Dong v. Lynch

BIA
Vomacka, IJ
A200 733 668

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of July, two thousand fifteen.

PRESENT:
    DENNIS JACOBS,
    DENNY CHIN,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*
_____

XIAN QUAN DONG,
        *Petitioner,*

    v.                                      14-2469
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Lewis G. Hu, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Acting Assistant
                       Attorney General; Mary Jane Candaux,

Assistant Branch Director; Matthew A. Connelly, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xian Quan Dong, a native and citizen of the People's Republic of China, seeks review of a June 23, 2014, decision of the BIA affirming the April 1, 2013, decision of an Immigration Judge ("IJ"), denying Dong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xian Quan Dong,* No. A200 733 668 (B.I.A. June 23, 2014), *aff'g* No. A200 733 668 (Immig. Ct. N.Y. City Apr. 1, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well

established.  8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).  The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Dong was not credible.

The agency reasonably relied on Dong's implausible and inconsistent statements regarding whether he had attended multiple church gatherings and discussed baptism with a pastor in December 2009 (within days of entering the United States), or whether he first attended church in January 2010.  *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (providing that an implausibility finding that is based on "speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary

3

experience."); *see also Xiu Xia Lin*, 534 F.3d at 164-67.  The agency also reasonably found a discrepancy in Dong's evidence regarding whether his father gave public security officials money or gifts as a bribe to secure Dong's release from detention.  *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("[a]n inconsistency and an omission are . . . functionally equivalent.").  Dong's unresponsive explanations were not compelling.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 & n.1 (2d Cir. 2005).  Dong also made inconsistent statements related to whether he reported to Chinese officials weekly as they had required as a condition of his release.  *See Xiu Xia Lin*, 534 F.3d at 164-67.

Having questioned Dong's credibility, the agency reasonably relied further on his failure to provide evidence corroborating his religious practice in the United States.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  As the agency observed, Dong failed to corroborate his attendance at church (for the two years prior to his merits hearing) with a statement from his church, fellow practitioners, or uncle.

4

Given the inconsistency, implausibility, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That finding is dispositive of Dong's claims for asylum, withholding of removal, and CAT relief insofar as they are based on his claim of past persecution and fear of future harm on account of his current religious practice. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

The agency also did not err in denying relief based on its determination that, even if credible as to his assertion that he would practice Christianity if removed to China, Dong did not demonstrate that his fear was well-founded. *See* 8 C.F.R. § 1208.13(b)(2); *see also Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). As the agency noted, the 2009 U.S. Department of State International Religious Freedom Report provides that the treatment of unregistered Christians varies by locality in China and did not indicate that such individuals face harm in Dong's home province. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not

5

objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk